IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SKY TIPTON, :
        Plaintiff :
   v. : Case No. 3:24-cv-126-KAP
SUPERINTENDENT SCOTT :
KLINEFELTER, S.C.I. HOUTZDALE, *et al.*, :
        Defendants :

<u>Report and Recommendation</u>

<u>Recommendation</u>

Plaintiff Tipton's complaint, ECF no. 4, should be dismissed in part for failure to state a claim, without leave to amend, and served in part.

<u>Report</u>

This is filed as a Report and Recommendation because in <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent. Plaintiff has not returned a consent form and ordering service of a meritless complaint to determine whether parties in whose favor judgment would be entered would consent to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C) would waste scarce resources. Accordingly, regardless of any consent or lack thereof by the parties, this format is used because review indicates that most of this matter should be dismissed.

Plaintiff Tipton is a prison inmate suing corrections personnel, so his complaint in this matter is subject to the Prison Litigation Reform Act. I am required to review the complaint he has submitted for service as soon as practicable in accordance with 28 U.S.C.§ 1915A:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

1

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

  This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

  (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
  (A) the allegation of poverty is untrue; or
  (B) the action or appeal --
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

  The complaint was filed from S.C.I. Huntingdon in June 2024, and alleges a use of force against Tipton on October 28, 2023 at S.C.I. Houtzdale. On that day, Tipton requested a corrections officer named Anthony Williams to arrange for Tipton to speak to "psych," presumably meaning someone in the medical service, because Tipton was feeing suicidal. ¶17. The corrections officer "was ignoring" Tipton, which Tipton alleged caused him to tie a handmade noose to his cell door. Faced with this, corrections officers sprayed Tipton with oleoresin capsicum gas. ¶18. The corrections officers also "antagonized" (the word is underlined and in quotation marks in the complaint but is not explained further) Tipton, which allegedly caused him to "go after" (presumably attempt to assault) a lieutenant named Diehl who arrived on the scene. ¶¶19-20. A number of corrections officers used what Tipton alleges was excessive force in dropping or slamming him to the ground, ¶ 21, and one corrections officer had him in a chokehold for more than a minute. (Tipton literally alleges in ¶22 that six corrections officers had him in a chokehold for more than a minute, but ¶23 clarifies that it was one corrections officer – Daniel Williams – using the chokehold). Tipton alleges a number of injuries from the use of force. ¶24. Tipton then names as defendants seven employees of the Department of Corrections for what Tipton alleges in conclusory fashion in ¶25 is a negligent failure to train subordinates to avoid excessive uses of force, and names "all" defendants for what Tipton alleges in conclusory fashion in ¶26 is their "failing to remedy the aforesaid misconduct incidents." Finally, Tipton alleges that two corrections personnel - Diehl and a shift commander named McDowell who is not alleged to have been on the scene – failed to intervene in the alleged excessive use of force. ¶27.

  After this, Tipton or the scribe who wrote his complaint (from the handwriting, word choice, and format, probably Ernest Scott, a frequent filer of complaints from

Houtzdale who was transferred to Huntingdon at roughly the same time as Tipton and who began filing complaints from Huntingdon on behalf of himself and other inmates) lists "Claims for Relief" in two counts that name different subsets of the defendants. Count 1 contains two Eighth Amendment claims: that defendants Anthony Williams, Daniel Williams, Bickford, and three John Doe corrections officers used excessive force, ¶29, and defendants McDowell and Diehl failed to intervene to stop the excessive use of force. ¶30. Count 2 asserts that the failure to train and failure to remedy allegations give him a claim against eight defendants: Klinefelter, Close, Ivicic, James, Barrows, Barnacle, McDowell, and McCoy. ¶32.

The Eighth Amendment is the appropriate source of law here. Fed.R.Civ.P. 8(a) requires a short and plain statement containing sufficient plausible factual matter that if accepted as true would state a legal claim under the correct legal standard. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, a plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Count 1, liberally construed, states a claim of a violation of the Eighth Amendment as construed in Whitley v. Albers, 475 U.S. 312 (1986) against Daniel Williams. Tipton alleges use of force in two stages, first the use of OC gas in response to Tipton's actions in making what appeared to be a suicide attempt, and second in slamming him to the floor in response to Tipton "going after" Diehl, which continued with Daniel Williams putting him in a chokehold so that Tipton could not breathe. Neither initial use of force is objectionable, since corrections officers can respond to threats to order with force, even deadly force: a claim about the reasonableness of a particular use of force or the existence of arguably superior alternatives is not a claim of a violation of the Eighth Amendment. *See* Whitley v. Albers, 475 U.S. 312, 322 (1986). That negates most of Count 1, but liberally construed Tipton can be understood to be alleging that Daniel Williams' chokehold continued after any good faith response to Tipton's actions ended. To that extent Tipton also states a failure to intervene claim against Lieutenant Diehl because a corrections officer is liable for a failure to protect an inmate from assault by a fellow officer where "there is a realistic and reasonable opportunity to intervene." *See* Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir.2002). Tipton implicitly alleges that Diehl was on scene long enough to assess the situation, determine that Daniel Williams' chokehold was improper and call him off, but did not. The same cannot be said of any claim against McDowell as shift commander, who is not even alleged to be on scene.

In Count 2, Tipton asserts in hard to understand language that defendants'

> failure to Discipline it's staff/subordinate officials for a continuous pattern

>of Antagonistic, and Excessive Force Misconducts, results in the violation of a state tort claim of Corrections Defendants, becoming negligent, by having PERSONAL KNOWLEDGE of the Aforesaid Misconduct incidents, and failing to ABATE the aforesaid Misconduct incidents

Complaint ¶32, violates his rights. Count 2 states no claim.

Tipton has no legal right to have any defendant discipline or punish any subordinate. And for a failure to train claim to amount to more than an invocation of the rejected doctrine of *respondeat superior*, *see* Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (holding that government employers and supervisors are liable for deprivation of civil rights caused by their own illegal customs and policies but are not liable for their employees' actions), Tipton must allege with the factual specificity required by Rule 8 and Ashcroft v. Iqbal what supervision or training was so obviously needed that the supervisory defendant's failure to provide it was the "moving force" behind the subordinate's wrongful actions. *See* Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404-05 (1997)("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.") To reiterate, Tipton alleges the use of OC gas in response to Tipton's actions in making what appeared to be a suicide attempt, and a forceful takedown to the floor in response to Tipton's "going after" Diehl. Because neither use of force is objectionable under Whitley v. Albers, *supra*, Tipton's failure to train claim in Count 2 cannot be based on the initial use of force Tipton alleges, but only on the alleged prolonged chokehold alleged against Daniel Williams. And no adequate claim is alleged in that respect.

A failure to train claim requires allegations that a defendant was deliberately indifferent to a "highly predictable consequence," of a failure to train a subordinate or agent. Connick v. Thompson, 563 U.S. 51, 61-67 (2011). As the Supreme Court discussed in Board of County Commissioners of Bryan County v. Brown and in Connick v. Thompson, the archetypical example is Canton v. Harris, 489 U.S. 378 (1989). In Canton v. Harris, the Court discussed a claim based on a police department's failure to instruct police officers on the limits on the use of deadly force against fleeing felons. The Supreme Court held that this was a viable claim because in the absence of training (that the Court said could not be assumed to be provided at a police academy) there is no way for rookie officers to obtain the knowledge about the law that they require, and because the consequences of allowing rookie officers to make uninformed decisions about use of deadly force are highly predictable. The scenario alleged by Tipton is poles apart from Canton v. Harris because with the exception of Daniel Williams' extended chokehold the defendants named in Count 1 did not allegedly use force without

4

justification, and Tipton alleges no facts that suggest a need to inform anyone, Daniel Williams included, that the permissible use of force was limited by the principle that corrections officers should not maliciously and sadistically inflict unnecessary and wanton pain. Since the difference between a permissible chokehold and an impermissible one as alleged by Tipton turns on the state of mind of the corrections officer and not the technique used, it is not clear that there is any relevant "training" that the defendants in Count 2 could give, if the word "training" is given its normal meaning.

There is a viable failure to train claim when there are factual allegations that defendants knew of and disregarded a pattern of violations by a subordinate, because that would be the generic deliberate indifference claim that supervisory prison officials knew of and disregarded constitutional violations by their subordinates. To state a claim the plaintiff must identify a specific policy or practice that the supervisors failed to employ and allege facts permitting an inference that the policy or practice actually employed created an unreasonable risk of an Eighth Amendment violation, as well as the deliberate indifference of the supervisors to that risk. *See e.g.,* Beers-Capitol v. Whetzel, 256 F.3d 120, 133-35 (3d Cir.2001). Tipton makes no such factual allegations, and it is implausible to assume that the defendants had an official policy that corrections officers should, after the justifiable initial use of force, continue that use of force in order to maliciously and sadistically inflict unnecessary and wanton pain. Tipton's Count 2 is *respondeat superior*, and nothing more.

In sum, the complaint should be served on defendant Daniel Williams and Lieutenant Diehl for an answer to the two viable portions of Count 1, and otherwise dismissed.

The Court of Appeals directs district courts to allow plaintiffs in civil rights cases to amend inadequate complaints unless amendment is "futile" or "inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002). With two exceptions "federal courts treat *pro se* litigants the same as any other litigant." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.*, 704 F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id*. Only the first point is relevant here.

Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense, not supplying what plaintiff has not alleged or imagining that unpleaded facts exist that only need hints from the court to be included in an amended complaint. As the Supreme Court directed in Ashcroft v. Iqbal, *supra*, 556 U.S. at 679:

> Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). (cleaned up).

Tipton's complaint is a garden variety Whitley v Albers claim against one officer, that the author of the complaint seeks to expand to bring in upstream and downstream defendants. It is not equitable to use the screening and amendment process as a trial and error method of throwing up claims and seeing what sticks. Based the allegations of fact Tipton makes, amending Count 2 and most of Count 1 is futile. No leave to amend the complaint is granted.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: December 6, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Sky Tipton QH-5217
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16652